UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JEREMIAH NORFORD** | **CIVIL ACTION NO. 3:11-cv-0089** |
| **LA. DOC #509243** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **MADISON CORRECTION CENTER,** | |
| **ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Jeremiah Norford, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 3, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Madison Parish Corrections Center (MPCC), Tallulah, Louisiana, and he complains that the defendants failed to protect him from violence at the hands of a fellow inmate. Plaintiff originally sued Mr. and Mrs. Shivers (who he described as the "late owner's wife and the warden and owner" of the "Southern Correctional Center"); Captain Brooks (who he described as the Captain and Classification Officer at Madison Correction Center and Southern Correctional Center); Major Antonio Johnson; the Southern Correction Center; the Madison Correction Center, and, Joseph Mitchell, the inmate who attacked him. In his amended complaint filed on May 13, 2011 plaintiff dismissed Mr. Shivers, MPCC, Southern Correction Center, and Joseph Mitchell, leaving Mrs. Shivers, Captain Brooks and Major Johnson as the remaining defendants.

Plaintiff prayed for money damages and requested that charges be filed against Mr. Mitchell. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the complaint be dismissed as frivolous and for failing to state a claim for which relief may be granted.

## *Background*

On March 22, 2010, at 7:00 a.m., plaintiff, who was eating his breakfast in the dormitory, was approached by inmate Joseph Mitchell who asked plaintiff if he had a problem with Mitchell. Plaintiff denied any problems and Mitchell muttered a veiled threat and walked away. Approximately nine minutes later Mitchell returned and threw a container full of "boiled magic shave powder and battery acid" on plaintiff. This liquid caused the floor to become so slippery that plaintiff was unable to stand. When he was finally able to stand Mitchell challenged him to continue the fight. However, deputies arrived and separated Mitchell and the plaintiff.

Plaintiff's face, chest, and back were scarred from the caustic solution. He was escorted to Nurse Olbey who took pictures of the injuries and then had plaintiff transported to E. A. Conway Hospital for further treatment. [Doc. #1]

In his first amended complaint plaintiff alleged that the attack was planned by Mitchell in order to obtain a transfer to another prison. Plaintiff also alleged that Major Johnson "knew Mitchell was a security risk..." [Doc. #4]

On April 13, 2011, plaintiff was directed to amend his complaint to allege specific fault on the part of each defendant, to describe in detail his injuries, and "to allege facts to support the notion that the defendants had the requisite knowledge of a substantial risk or that they were 'deliberately indifferent' to the risk of harm with regard to the assault in question." [Doc. #6]

Plaintiff filed an amended complaint on May 13, 2011. [Doc. #7] As noted above, he dismissed the claims against Mr. Shivers (who is deceased), Mr. Mitchell (who was not a state actor

and therefore an improperly named defendant), the MPCC, and Southern Corrections Center (because they lacked the capacity to be sued). [Doc. # 6 at fn. 1]

In this final amended complaint plaintiff alleged fault on the part of Ms. Shivers (who he described as owner and warden) because he "... wrote to her over 5 times about lack of general welfare..." at the prison; however, she did not respond.

He alleged fault on the part of Captain Brooks, the prison's Classification Officer, because he wrote Brooks requesting a transfer from the C-dorm and his request was ignored. He also faulted Brooks for assigning Mitchell to C-dorm since Mitchell (who is serving a 50 year hard labor sentence) had "nothing to lose." Finally, he faulted "the deputys" [sic] for "not letting the inmates to at least walk out of the dorm for to eat ... then not letting us go outside but once every blue moon..." all of which caused "bad and unhealthy tension which Mitchell took out" on plaintiff.

Finally, plaintiff faulted Johnson, the head of prison security, for not enforcing rules against contraband cell phones and for failing to listen when inmates complained about the lack of rehabilitation opportunities and threatened gang fights, all of which "made Mr. Mitchell torture me so he can get shipped."

Plaintiff described his injury as follows, "I lost layers of skin off of my face and body on the right side of my body..." [Doc. #7]

*Law and Analysis*

*1. Screening*

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous,

3

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e(c).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff filed an articulate original complaint setting out the basic parameters of his claim; he was thereafter allowed to amend his complaint and was directed to provide additional factual support for his claims. Further amendment of the pleadings would serve no useful purpose as it appears that plaintiff has alleged his best case. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that his complaint should be dismissed as frivolous and for failing to state a claim for which relief may be granted.

## *2. Deliberate Indifference – Failure to Protect*

The Supreme Court has held that a prison official's deliberate indifference to a substantial risk of serious harm to an prisoner in his charge violates the Eighth Amendment's prohibition of

cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment requires prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of inmates. *Id.* at 832. A defendant prison official may be liable if he is deliberately indifferent to inmate health or safety. *Id.* at 835. Deliberate indifference requires more than ordinary lack of due care for the prisoner's interests or safety but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. *Id.* Deliberate indifference in this context means that the defendant knew of but disregarded an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and, in addition, he must also have drawn the inference. *Id.* at 837. In other words, actual knowledge and appreciation of the risk are required. *Id.* at 837-38. Thus, an official's failure to alleviate a significant risk that he <u>should have perceived</u> but did not does not create liability. *Id.* at 838; see also *id.* at 842 ("[i]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.").

Additionally, in considering whether an Eighth Amendment violation has occurred, Courts must look to whether there was a "substantial" or "pervasive" risk of harm. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot). Plaintiff alleged that he complained in general terms concerning the "general welfare" of prisoners housed at the institution. However, other than conclusory allegations, he offered nothing to suggest that the attack on him was at all foreseeable. Inmates are unlikely to recover under Section 1983 for injuries sustained in an isolated assaults

unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated <u>and clearly well-founded claims of danger</u>. There are no allegations that the defendants set plaintiff up for the attack or ignored specific claims of danger prior to the attack.

The facts alleged do not demonstrate that any of the defendants inferred that plaintiff was at risk of an attack such as the one complained of. Further, it does not appear that the attack was a foreseeable consequence of any violations of prison policy.

In short, plaintiff has not shown that any of the defendants were deliberately indifferent to a substantial risk of serious harm and therefore, plaintiff's complaint should be dismissed as frivolous and for failing to state a claim for which relief might be granted.

*Conclusion and Recommendation*

Plaintiff's complaints do not establish Constitutional violation . Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions**

**accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana , June 7,  2011.

                                             _____
                                             KAREN L. HAYES
                                             U. S. MAGISTRATE JUDGE